IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ALMA NIKOCEVIC,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | No. 1:26-cv-00075 |

**COMPLAINT**

Now comes the Plaintiff, ALMA NIKOCEVIC, by her attorneys, and complaining against the Defendant, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, she states:

***Jurisdiction and Venue***

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of employee welfare benefit plans, which, in this case, consists of group long-term disability ("LTD") benefits.

2. This action may additionally be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

3. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials consistent with the language of the governing Plan documents. Plaintiff has complied with all appeal requirements contained in the Plan.

4. Venue is proper in the Northern District of Indiana pursuant to ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) because Defendant is incorporated within this District.

### *The Parties*

5. The plaintiff, Alma Nikocevic ("Nikocevic" or "Plaintiff"), is a citizen of the State of New Jersey and resides in Robbinsville, New Jersey.

6. The defendant, The Lincoln National Life Insurance Company ("Lincoln National" or "Defendant"), was at all times relevant hereto doing business throughout the United States and within the Northern District of Indiana, and it maintains its home office in Fort Wayne, Indiana.

### *Nature of the Action*

7. This action is brought as a claim for benefits pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). Nikocevic seeks payment of LTD insurance benefits due under a group policy of insurance, number GF3-850-289424-01 ("the Policy"), underwritten and administered by Lincoln National for the benefit of employees of Wells Fargo & Company.

8. At all times relevant hereto, the Policy constituted an "employee welfare benefit plan" as defined by ERISA § 3(1) (29 U.S.C. § 1002(1)); and incident to her

employment with Wells Fargo & Company, Nikocevic received coverage under the Policy as a "participant" as defined by ERISA § 3(7) (29 U.S.C. § 1002(7)).

9. Plaintiff also seeks attorneys' fees and costs pursuant to ERISA § 502(g) (29 U.S.C. § 1132(g)), as well as all other remedies this Court sees fit to award.

### *Relevant LTD Policy Provisions*

10. The Policy provides monthly payments for qualified participants that meet its definition of Disabled, defined as follows:

> **"Disability"** or **"Disabled"** means:
>
> i. that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and
>
> ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

11. The Policy further defines "Material and Substantial Duties", as used above, as follows:

> "**Material and Substantial Duties**" means responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified.

12. The Policy further defines "Any Occupation", as used above, as follows:

> **"Any Occupation"** means any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity.

### *Statement of Facts*

13. Nikocevic last worked as a Senior Operations Processor for Wells Fargo & Company, a financial services company headquartered in California.

14. Prior to ceasing work, Nikocevic began experiencing severe symptoms related to systemic lupus erythematosus (SLE), including generalized body pain, fatigue, joint stiffness, vestibular dysfunction, paresthesia, Raynaud's syndrome, malar rash, and "dropping" spells where body locks up and she briefly loses consciousness without warning.

15. As a result of her impairments, Nikocevic was forced to cease working on November 14, 2022. She has not worked in any capacity since that date.

16. Following the conclusion of the Policy's 180-day Elimination Period, Nikocevic applied for and was approved by Lincoln National to receive LTD benefits under the Policy beginning May 15, 2023.

17. Nikocevic continued to suffer severe, disabling symptoms related to SLE and co-morbid inflammatory arthritis over the next two years.

18. Nonetheless, despite the absence of any evidence of medical improvement, Lincoln National terminated Nikocevic's benefit claim on May 14, 2025.

19. On September 11, 2025, Nikocevic was approved for Social Security Disability Insurance benefits by the Social Security Administration, signifying a finding that her medical conditions resulted in her inability to engage in "any substantial gainful activity." 42 U.S.C. § 423(d)(1)(A) (definition of "disabled" under the Social Security Act).

20. In his written opinion, Administrative Law Judge Richard West found that Nikocevic had a host of limitations related to her severe medical conditions; those

limitations included, in part, an inability to work more than six hours total in an eight-hour work day "primarily [due to] the pain and fatigue associated with her physical impairments[.]"

21. On November 7, 2025, Nikocevic submitted an appeal of Lincoln National's claim termination. Included with her appeal were updated medical records and medical opinions from her treating physicians supporting her eligibility for ongoing benefits, as well as a copy of the SSA's September 11, 2025 Fully Favorable Notice of Decision.

22. On February 2, 2026, Lincoln National denied Nikocevic's claim appeal based on the opinions of non-examining file review physicians Dr. Syed Rizvi and Dr. Angela Shephard.

23. Lincoln National's termination of Nikocevic's LTD benefit claim was and remains against the weight of the medical and vocational evidence.

24. Nikocevic remains entitled to disability benefits due since May 13, 2025, plus any interest that has accrued thereon; and she is also entitled to a declaration of rights that her benefits remain payable thereafter for so long as she continues to meet the Policy's terms and conditions.

25. All required avenues of administrative appeal to Lincoln National have been exhausted, and this matter is therefore ripe for adjudication.

## *Relief Sought*

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against the

Defendant, and order the Defendant to pay all accrued long-term disability benefits to Plaintiff in an amount equal to the contractual amount of benefits to which she is entitled;

B. That the Court order the Defendant to pay Plaintiff compounding prejudgment interest on all contractual benefits that have accrued prior to the date of judgment in accordance with 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3);

C. That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C. § 1132(g); and

D. That Plaintiff be awarded any and all other contractual and/or equitable relief to which she may be entitled, as well as the costs of suit.

Dated: February 11, 2026

Respectfully Submitted,

/s/ *William Reynolds*

WILLIAM T. REYNOLDS
**The Law Offices of Chicago-Kent College of Law**
565 West Adams Street, Suite 600
Chicago, IL 60661
(312) 906-5038
wreynold@illinoistech.edu